By the Court. The indictment charges the offence to have been' committed contra formam statuti; but no statute is found to describe the offence as alleged. The statute of 1785, c. 75, <§. 6, imposes a penalty of twenty shillings for disorderly conduct in town meetings, if the offender shall, after notice from the moderator, persist in his disorderly behavior, and shall refuse or neglect to withdraw from the meeting, after being directed to do so by the moderator. The offence laid in the indictment is not within this provision. Further, all penalties imposed by that statute, not exceeding forty [ * 388 ] shillings, are to be enforced by suit * before a justice of . the peace, and a very summary process is prescribed for the purpose in the statute.
Can the indictment, then, be maintained, concluding, as it does, against the form of a statute, if the facts charged amount to an offence at common law, and are not within the purview of any statute ? The negative of this question was formerly held by the English courts ; but later decisions have been the other way, and, as we think, on good and satisfactory reasons (3).
The remaining question is, Do the facts charged amount to an offgnce at the common law ? On this question we entertain no *321 doubts. Here was a violent and rude disturbance of the citizens, lawfully assembled in town meeting, and in the actual exercise of their municipal rights and duties. The tendency of the defendant’s conduct was to a breach of the peace, and to the prevention of elections, necessary to the orderly government of the town, and due management of its concerns for the year. It is true that the common law knows nothing perfectly .agreeing with, our municipal assemblies. But other meetings are well known and often held in England, the disturbance of which is punishable at common law, as a misdemeanor. In this commonwealth, town meetings are recog nized in our constitution and laws ; and the elections made and the business transacted by the citizens, at those meetings, lie at the foundation of our whole civil polity. If then there were no statute, prohibiting disorderly conduct at such meetings, an indictment for such conduct might be supported.

Motion overruled.

 [See the cases collected, 1 Saund. 135. n. 3—1 Starkie, Crim. Plead. 228-232. —Ed.]