## COMMONWEALTH *vs.* JESSE SQUIRE, Jun.

An indictment on § 5, c. 126, of the Rev. Sts. which alleges that the defendant wilful-ly, &c. set fire to and burned "a building erected for a dwellinghouse, and not completed or inhabited," sufficiently and properly describes the offence.

If acts, which constitute a misdemeanor only, are alleged, in an indictment, to have been done feloniously, and the defendant is found guilty by the jury, the word " feloniously " may be rejected as surplusage, and the defendant be punished for the misdemeanor.

It is not necessary to aver, in an indictment on § 5, c. 126, of the Rev. Sts. for burning a building, that the building alleged to have been burnt was " other than is mentioned " in § 3.

A conviction or acquittal upon an indictment on said § 5, which does not aver that the building, alleged to have been burnt, was " other than is mentioned " in § 3, is a bar to a second indictment on § 3, for the same burning.

THE defendant was convicted in the court of common pleas, on an indictment which alleged that he, at Egremont, in this county, " on the fifth day of October in the year eighteen hundred and thirty-nine, with force and arms, about the hour of twelve o'clock in the night time of the same day, a building of one Philo Upson of said Egremont, there situate, erected by the said Philo Upson, for a dwellinghouse, and not completed or inhabited, feloniously, wilfully,. and maliciously, did set fire to, and the same building, so erected for a dwellinghouse, then and there, by the setting and kindling of such fire, did feloniously, wilfully, and maliciously, burn and consume, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

The case was brought into this court upon exceptions to an order of *Cummins*, J. overruling a motion, filed by the defendant, in arrest of judgment.

*L. Church*, of Connecticut, for the defendant.

*Austin*, (Attorney General,) for the Commonwealth.

DEWEY, J. The defendant, having been found guilty by the

jury of the charge contained in this indictment, now interposes a motion in arrest of judgment, and alleges that no crime, cognizable by law, is therein duly set forth and charged, and that the court have, therefore, no authority to enter judgment and award sentence against him.

Various objections are taken to the sufficiency of this indictment.

1. It is contended that the indictment is bad for repugnancy apparent on its face, inasmuch as it charges, as a crime, the burning of a building, which building is described as one not then completed. The ground of the objection is, that a structure cannot be considered a building while it is yet incomplete and unfinished in any respect. Looking at the objects of the statute, and its provisions, we are fully satisfied that the term *building*, as used in the statute, does not necessarily import a structure so far advanced as to be in every respect finished and perfect for the purpose for which it is designed eventually to be used. If this were so, then the burning of a structure, designed for a dwellinghouse, at any period before the last door was hung, would not be punishable. We cannot adopt a construction of the statute, which would leave open so wide a door of escape from its penalties.

It was argued that if the description of the building, as found in this indictment, be sufficient, a party might be convicted under the statute and be subjected to its severe penalties, who had been guilty of no other offence than that of burning a single post or some small parcel of timber which was used as the mere commencement of a building. The obvious answer to this suggestion is, that the question whether the state of the structure, and its progress towards completion, be such as to constitute it a building, is a question of fact, to be submitted to the jury, under proper instructions from the court. After a general verdict of guilty, and no exceptions taken for misdirection by the court in matter of law, we are to assume that it was found by the jury that the structure set on fire was properly denominated a building, and was not merely the materials prepared for a building. See *The State* v. *Temple*, 3 Fairf. 220. In the case, which

was cited, of *Elsmore* v. *The Hundred of St. Briavells*, 8 Barn. & Cres. 461, the decision turned upon the construction of the words, "house, outhouse," &c. in *St.* 9 Geo. 1 ; a building, intended for a dwellinghouse, but being in an unfinished state, and never having been inhabited, being held not to be a "house," &c. within the meaning of that statute.

This first exception to the indictment cannot prevail.

2. It is then objected, that though the facts set forth in this indictment constitute only a misdemeanor, yet the offence is in form charged as a felony. It is so charged, it is said, because the acts imputed to the defendant are, in the indictment, alleged to have been done feloniously. Does the use of this form of allegation necessarily, and in all cases, indicate a charge of a felony ? We think not. The nature of the accusation is to be determined by the acts charged to have been done, as well as by the technical terms introduced into the formal parts of the indict- ment. It is true that there are certain technical terms neces- sary to be used in an indictment for a felony ; and no facts charg- ed would constitute a proper indictment for a felony unless they were alleged to have been done feloniously. The combined alle- gations of the necessary acts, and of the felonious character of those acts, constitute the proper charge of felony. But the ap- plication of the term "feloniously," in an indictment, to acts constituting no higher offence than a misdemeanor, does not make it a charge of felony. The term "feloniously," in such case, is improperly introduced into the indictment, and can have no effect, but must be rejected as surplusage. We understand the rule, in such cases, to be this :— Where the matter, alleged to be repugnant, does not enter into the substance of the offence, and the indictment would be good without it, it may be rejected as surplusage, and does not vitiate the whole indictment. Thus, in 1 Chit. Crim. Law, 237, it is said, if an act be charged to have been done with a felonious intent to commit a crime, and it appears upon the face of the indictment, by the facts charged, that the crime, though perpetrated, would not have amounted to a felony, the word felonious, being repugnant to the legal im- port of the offence charged, must be rejected as surplusage.

The same principle is stated in 2 East C. L. 1029, upon the authority of a decision by Lord *Mansfield.*    The same rule applies to the use of the terms "knowingly," or "the defendant, well knowing," whenever they are introduced into an indictment, although alleged as an ingredient in the imputed crime.    If introduced where the knowledge alleged is unnecessary to be shown by proof, in order to constitute the crime, these allegations may always be rejected as surplusage.    1 Chit. Crim. Law, 241.    So where an offence is charged in an indictment as. *contra formam statuti,* although no statute offence is described, yet if the facts set forth constitute an offence at common law, the defendant may be found guilty, and sentenced as for a common law offence. *Commonwealth* v. *Hoxey,* 16 Mass. 385.    Nor is it necessary that an indictment under a statute should indicate upon which of several sections of the same statute it is predicated. It is enough that the facts alleged show an offence, and bring the case within the provisions of some statute making it punishable. *Commonwealth* v. *Griffin,* 21 Pick. 523.

In looking at the matter practically, as it regards the accused, we can perceive no possible injury that can result to a party, charged with an offence, from the introduction of the word "feloniously" in connexion with a charge of a misdemeanor. The case is to be tried, as to the guilt of the party, in reference to the facts alleged against him.    If the perpetration of the acts, in the manner charged, be proved, and those acts do constitute a felony, the felonious character of the act is established ; and if they amount only to a misdemeanor, assuming the acts to be proved, they are not committed feloniously, because the acts themselves do not constitute a felony.

It is urged by the counsel for the defendant, that the decision of this court, in *Commonwealth* v. *Newell,* 7 Mass. 245, is contrary to the views we have now presented.    So far as that case goes to establish the position, that on the trial of one indicted for a felony, he could not be convicted of a misdemeanor, it was clearly conformable to our then existing *St.* 1805, *c.* 88, which has been, however, since repealed by Rev. Sts. *c.* 137, § 11, and where direct authority is given to the jury to find the party

guilty of part of the offence charged in the indictment. We apprehend that the further opinion of the court, that if the indictment does not contain a sufficient description of a felony, it cannot be supported as an indictment for a misdemeanor, cannot be sustained. It was supposed by the court, that the peculiar provision of *St.* 1805, *c.* 88, restraining the conviction of part of an indictment for felony to those cases where the part, of which the defendant was found guilty, amounted to a felony, had given a statute construction upon this question. By the statute of 1784, *c.* 66, § 11, upon the charge, by indictment, of any crime, felony or misdemeanor, the jury were authorized to find the prisoner guilty of so much thereof as should substantially amount to a crime of a lower nature ; and the court were to punish him for the crime of which he was found guilty. This statute remained in force until the enactment of *St.* 1805, above cited, and during its existence, under an indictment for felony, the party might have been convicted of a misdemeanor. But the statute of 1805, in terms, changed the law ; and with this enactment, of course, the practice in criminal trials was changed. That statute has now been repealed by Rev. Sts. *c.* 137, § 11, and on an indictment for felony, a person may now be acquitted of part of the offence charged, and convicted of the residue thereof, though it do not amount to a felony.

We are, therefore, brought to the consideration of this question, under this change in our statute laws, which presents the inquiry in a somewhat different aspect ; and we feel ourselves fully warranted in adopting what seems to us the more sound common law rule, that an indictment, defective in not charging facts necessary to constitute a felony, may yet be sufficient to authorize the jury to convict, and the court to award sentence, as for a misdemeanor. The court are of opinion, that upon this indictment judgment may properly be rendered as upon an indictment for a misdemeanor, if the facts therein set forth constitute a misdemeanor under the provisions of the Rev. Sts. *c* 126, § 5.

3. It is then further objected, that this indictment is defective in not setting forth all the facts necessary to constitute the offence

punishable by the Rev. Sts. c. 126, § 5. That section is in these words : "Every person who shall wilfully and maliciously burn, either in the night or in the daytime, any banking house, store, manufactory, mill, barn, stable, ship, office, outhouse, or other building whatsoever, of another, other than is mentioned in the third section, shall be punished by imprisonment," &c. The form of the objection is, that inasmuch as the cases, provided for by this section, are cases "other than those mentioned in the third section," the act creating this offence contains certain exceptions ; and that if exceptions are found in the enacting clause of an act creating the offence, it is necessary, in the indictment, to negative such exceptions, that the crime charged may correspond with the statute offence.

While we fully accede to the correctness of the general principle here contended for, as to the necessity of negativing exceptions in an enacting clause, which declares certain acts to be criminal offences, but contains a proviso, or exception, limiting the application of the statute, or making certain things mentioned in the proviso or exception an essential ingredient of the crime to be punished ; we doubt as to the application of any such principle to the section of the statute under consideration . This is not like the ordinary case of a statute declaring certain acts to be a crime under certain qualifications contained in a proviso or exception. Upon comparing the third and fifth sections of the statute, it is obvious that the exception here is rather to be considered in the light of a graduation of punishments to different degrees of the same species of offence ; the third section providing, as it does, that all cases of wilful and malicious burning, therein described, shall be punished by imprisonment in the state prison for life, and the fifth section, after specifying certain cases, then providing generally for the punishment for burning all other buildings, not mentioned in the third section. It is only another example of the same kind of graduation of punishments, that is provided in cases of larceny of the various grades. The indictment, with sufficient distinctness, sets forth the character of the offence, as to its aggravation, and thus indicates the punishment to be awarded. It does not describe a case falling within

the third section, but it does state one exactly corresponding with the cases provided for in the fifth section ; and this determines the extent of the punishment. It seems to us, therefore, that the indictment is not objectionable on the ground that no criminal offence is here charged. It is not like those cases where every averment contained in the indictment may be true, and yet the defendant be guilty of no legal offence.

4. The only remaining question to be considered is, whether the offence is so charged, in this indictment, that after a conviction or acquittal thereon, it will protect the defendant against a second indictment for the same act, supposing the facts would have warranted, originally, an indictment for the offence of the higher degree embraced in the third section. The difficulty, here supposed, also arises from not stating in the indictment the exception contained in the fifth section.

It does not seem to us that the security of the party against being again charged for the same act necessarily requires the form of the indictment to be such as is suggested by the defendant's counsel. Upon this point also, some aid may be derived from considering the course of proceeding in prosecutions for larcenies. Larcenies, by our statute, are of various grades, and are punished with greater or less severity, according to the aggravation of the offence ; and these different grades of offences are punished under the provisions contained in different and distinct sections of the statute. But we know very well that in larcenies, indictments are often found, charging the inferior grade of crimes, and omitting the circumstances of aggravation, when all the facts existing in the case would, if disclosed to the jury, bring the case within the higher grade of- larcenies. Would it be a defence to such indictment, on the trial before the petit jury, that the defendant had committed the offence charged, but with certain aggravating circumstances not charged ? It seems to us not, and that when the offence charged in the indictment, and the offence actually committed, are both merely larcenies, the greater offence includes the less, and evidence, proving the greater offence, will support an indictment for the smaller offence. Such being the case, it would seem neces-

sarily to follow, that the conviction or acquittal of a party, thus charged with the minor larceny, must be a bar to a subsequent indictment charging the same larceny with aggravating circumstances.    The same rule would seem properly to apply to the different gradations of offences of maliciously burning buildings, as provided for in the third and fifth sections of the Rev. Sts. *c.* 126, which is also the same statute in which there are created four distinct grades of larcenies, with different punishments annexed to them.    The offences, made punishable by the third and fifth sections, are both only misdemeanors, and the same court have jurisdiction of each.    There would be but one criminal act in the malicious burning of a building, whether that building alone was consumed, or it occasioned the burning of any building described in the third section.    Taking the case under these limitations, we think if the government proceed by an indictment for the smaller offence, and on trial thereof there be a judgment of conviction or acquittal, such judgment would be a legal bar to a second indictment charging the same offence with aggravation.    *The State* v. *Cooper*, 1 Green, 362.

Upon the whole matter, we are, therefore, brought to the conclusion, that this indictment does set forth the burning of such a building as is described in the statute ; that as the facts stated in the indictment constitute a misdemeanor and not a felony, the offence is well charged, in the indictment, as a misdemeanor, if the word feloniously be rejected as surplusage, as we think it may be ; that the indictment is sufficiently particular in its form of charging the offence to be punished ; and, finally, that a conviction or acquittal on this indictment would be a good bar to a second indictment for the same act, alleging it with the aggravating circumstances described in the third section of the statute. The result, therefore, is, that the motion in arrest of judgment must be overruled, and the punishment awarded against the defendant, which is prescribed by law in such cases.