## COMMONWEALTH *vs.* WILLIAM KING.

An indictment, which alleges that the defendant placed and continued a large quan-
tity of stones on a part of a highway, and thereby narrowed and obstructed
it, is not within § 61 of *c.* 24 of the Rev. Sts., which provides for the removal
of a fence erected on a highway, and cannot be maintained on that section,
although the proof be that the stones mentioned in the indictment were a wall,
made by the defendant, within the limits of the highway.

It is an indictable offence at common law to place and continue, within the estab-
lished limits of a highway, a wall, or stones, or any thing which obstructs the full
enjoyment, by the public, of an easement coëxtensive with those limits, although
such wall, stones, or other thing, be not placed and continued within that part
of the highway which can be safely used for travel.

The common law, as to nuisances in a highway, is not repealed nor altered by the
Rev. Sts. *c.* 24, § 61.

THE indictment, in this case, alleged that there was a
common and public highway in the town of Sutton, called
the Old Central Turnpike, and that the defendant, on the 1st
of August 1846, "did unlawfully and injuriously put, place,
lay and continue a large quantity of stones, in and upon a part
of said highway, to wit, upon a space thereof ten rods long
and one rod wide, and the said stones, so placed as aforesaid,
he the said Wm. King, from said first day of August, until
the finding of this bill, unlawfully and injuriously did keep,
continue and maintain, in and upon said highway, whereby
the same has been, during all the time aforesaid, and still is,
greatly narrowed, obstructed and stopped up," &c. "against
the peace," &c. "and contrary to the form of the statute in
such case made and provided."

It was admitted, at the trial in the court of common pleas,
before *Merrick*, J. that the Central Turnpike Corporation,
established by *St.* 1824, *c.* 13, was duly organized, and laid
out its road four rods wide, and made it of lawful width for
travel; that in the year 1837, said corporation surrendered its
corporate rights, and that the county commissioners laid out
the same road, and of the same width, as a common highway,
conformably to the provisions of the Rev. Sts. *c.* 39.

It was also admitted by the defendant, that he, in October
1846, erected about six rods of stone wall, a little less than a

rod within the lines of said highway, and between the travelled way and his land, for the purpose of enclosing that part of the highway, around which said wall extended, with his land, and as a part of it.

The defendant then offered to introduce evidence tending to prove that the part of said highway, where said wall was erected, and the space between said wall and the exterior line of that side of said highway, had never been wrought nor prepared for travel, either by said turnpike corporation or by any persons; that the same had never been used for travel, and could not be travelled over, by reason of the ledges, rocks and stones, in the place where said wall was erected, and in said space ; that there was, after the said wall was erected, as ample and convenient room for all travel on said highway, as there was before; and that said wall did not, in any degree, obstruct or hinder the travel on said highway. But the court ruled, that such evidence, if admitted, would not constitute a good defence to the indictment, and refused to admit it.  The jury found the defendant guilty, and he filed exceptions to the ruling of the court.

*Newton,* for the defendant.   The case of *Howard* v. *North Bridgewater,* 16 Pick. 189, shows that the town of Sutton could neither be liable to an indictment for the alleged obstruction in this highway, nor to an action by a traveller who should receive an injury by reason of it.  It would seem to follow, that the defendant is not liable to indictment.   But if he be liable, this indictment is not rightly framed.   The Rev. Sts. *c.* 24, $ 61, provide, that where buildings or *fences* have been erected on any highway, "the same may, upon the presentment of a grand jury, be removed as a nuisance."   The indictment should have been on this statute provision.   The fence might then have been removed ; not the "stones," as the fence is called in the indictment.   See Com. Dig. Chimin, C. 7.   The offence proved in this case is not an offence at common law.   Nothing short of an allegation and proof that a building or a fence is on a highway, or that the travel thereon is obstructed, will support an indictment.   In this case, the

travel was not obstructed; and if any indictable offence is shown, it is not the offence charged. See *Commonwealth* v. *Wilkinson*, 16 Pick. 175. *Commonwealth* v. *Chapin*, 5 Pick. 199. *Commonwealth* v. *Howes*, 15 Pick. 231.

The Rev. Sts. *c.* 24, §§ 61, 63, may be considered as declaring, either that the obstruction of a highway was not an offence by our common law, or that, if it was, it shall be punished only under those statutes.

*Wilkinson*, (District Attorney,) for the Commonwealth. English highways exist by usage, and only the travelled part is a highway. But in this Commonwealth, highways are, by statute, of a certain established width, and the narrowing of them is an indictable offence. This case is not distinguishable from that of *Commonwealth* v. *Wilkinson*, 16 Pick. 175.

The Rev. Sts. *c.* 24, §§ 61, 63, suppose that an indictment will lie for obstructing or narrowing a road, by placing obstructions on that part of it which is not travelled.

This indictment is good at the common law, (which is not repealed,) and the allegation, that the defendant's acts are contrary to the statute does not vitiate it, even if it be not within the statute. *Commonwealth* v. *Hoxey*, 16 Mass. 385. But the facts of the case show that the defendant is punishable under the statute.

DEWEY, J. This indictment is so framed that it may be sustained, if the facts charged would authorize a conviction either under the statutes of the Commonwealth, or by force of the common law.

1. Do the facts stated in the indictment bring the case within the provisions of the Rev. Sts. *c.* 24, § 61? that being the only statute that is supposed to be applicable to the case. The cases embraced within this statute enactment are cases of nuisances, by reason of fences or buildings placed within the limits of the road or highway. Whether the evidence, that was offered in the present case, would have supported a count charging the offence as that of erecting a fence within the limits of a highway, it is unnecessary to consider; as no such offence is set forth in the present indictment. Such

being the state of the case, if the evidence would have sup-
ported a charge of a nuisance in erecting a fence upon a high-
way, nevertheless the indictment could not be sustained for
the statute offence.

2. The next inquiry is, whether the facts alleged constitute
an offence at common law. Upon this point we have no
doubt. By the location of a public highway, with certain
defined exterior limits, the public acquire an easement coëx-
tensive with the limits of such highway. Whoever obstructs
the full enjoyment of that easement, by making deposits,
within such limits of the located highway, of timber, stones
or other things, to remain there and occupy a portion of such
public highway, is guilty of a nuisance at common law.

It was contended by the counsel for the defendant, that the
rights of the public are confined exclusively to the made or
travelled road, or to that part which might be safely and
properly used for travelling; and that a deposit of timber,
stones or other articles, upon a part of the located highway,
which, from its want of adaptation to use for travel, could not
be thus enjoyed, — as a portion of the way on which there was
a high bank, or a deep ravine, — would not subject the party
to an indictment for a nuisance upon the highway. This
principle is supposed to be sanctioned by the decisions of this
court in reference to the rights of travellers, holding that such
travellers are to use the travelled or made road, and that if
such road is of suitable width, and kept in proper repair, the
town may have fully discharged its duty, although it has not
made and kept in repair a road of the entire width of the lo-
cated highway. But there is a manifest distinction between
the two cases. In the case supposed, the traveller has all
the benefits of a public way secured to him. He only requires
a road of proper width, and kept in good repair. But the
town, on the other hand, to enable itself to discharge its obli-
gation to the public, requires the full and entire use of the
whole located highway. The space between the made road
and the exterior limits of the located highway may be re-
quired for various purposes; as for making and keeping in

Commonwealth v. King.

repair the travelled path; for making sluices and water-courses; for furnishing earth to raise the road. And, not unfrequently, from the location of the road and from its exposure to be obstructed by snow, the entire width of the located road is required to be kept open, to guard against accumulations of snow that might otherwise wholly obstruct the public travel at such seasons. For these and other uses, in aid of what is the leading object, the keeping in good repair of the made or travelled road, the general easement in the public, acquired by the location of a highway, is coëxtensive with the exterior limits of the located highway; and the question of nuisance or no nuisance does not depend upon the fact, whether that part of the highway, which is alleged to have been unlawfully entered upon and obstructed by the defendant, was a portion of the highway capable of being used by the traveller. Whether it be so or not, an entry upon the located highway, and occupation of any portion of it by deposits of lumber, stones, &c. would be a nuisance, and subject the party to an indictment therefor.

We do not perceive any new principle to be settled in the decision of this case. It is only the frequently occurring case of an indictment for a nuisance upon a highway. Such indictment, charging acts of similar character to the present, have always been sustained as good at common law. And when an offence, punishable at common law only, is alleged to be contrary to a statute, this allegation may be rejected as surplusage. 1 Chit. Crim. Law, 289. 16 Mass. 385.

It was suggested in the argument, that as the legislature has undertaken to legislate upon the subject of nuisances upon the highways, the inference must be, that, by the enactment of the Rev. Sts. c. 24, § 61, it was virtually declared, either that no such offence existed at common law, or if such was not the effect, still, having enacted a statute applicable to the subject, the offence was no longer punishable at common law. The first position we think unsound; and as to the other, we consider the provisions of the statute to be merely cumulative, leaving the common law in full force as to cases like the present.

The court are of opinion that this offence is properly punishable as an offence at common law, and that the ruling of the court of common pleas, upon the trial, was correct.

*Exceptions overruled.*