COMMONWEALTH *vs.* CALVIN W. SHATTUCK.
COMMONWEALTH *vs.* PATIENCE BOND & another.

In this commonwealth, as well as in England, the remedy for a forcible entry unlawfully made is twofold, by indictment at common law, and by proceedings under the several statutes relating to forcible entry and detainer.

In order to maintain an indictment for a forcible entry, the entry must be accompanied by circumstances tending to excite terror in the occupant, and to prevent him from maintaining his right; such as apparent violence, unusual weapons or attendance, menaces, or other acts which give reasonable cause to fear, that the party entering will do some bodily hurt to the occupant, if he do not give up the possession.

In an indictment for a forcible entry, it is a sufficient charge of the offence, to allege the entry to have been made unlawfully, with force and arms, and with a strong hand.

THE defendants were severally indicted in the court of common pleas, the first named for a forcible entry and detainer, and the others for an assault and battery upon the officer by whom the process, on a complaint of forcible entry and detainer in the first case, was served.

The first indictment alleged, that the defendant, " with force and arms, and with a strong hand, unlawfully, forcibly

and injuriously did enter into a certain messuage and parcel of land, with the appurtenances, of one John Temple, &c., &c., with a dwelling-house thereon standing, then and there being in the peaceable possession of the said John Temple, and that the said Calvin W. Shattuck, then and there, with force, as aforesaid, and with a strong hand, unlawfully, violently, forcibly and injuriously, did expel, amove and put out the said John Temple from the possession of the said premises with the appurtenances ; and the said John Temple, so as aforesaid expelled, amoved and put out from the possession of the same, with force and arms, and with a strong hand, unlawfully, violently, forcibly and injuriously, has kept out from, &c., and still does keep out, and other wrongs, &c., against the peace, &c., and contrary to the form of the statute in such case made and provided."

To this indictment the defendant demurred, and the district attorney joined in demurrer. The court overruled the demurrer, and the defendant thereupon appealed to this court.*

The indictment, in the second entitled cause, contained two counts. The first alleged, that the defendants committed an assault and battery upon one Samuel Potter, a deputy sheriff, while in the due and lawful exercise of the duties of his office, and obstructed, hindered and opposed him therein. The second count charged the defendants with committing an assault and battery upon Potter, not described as ar officer, with a flatiron and a billet of wood.

On the trial, which was before *Byington*, J., the district attorney introduced in evidence a warrant issued by a justice of the peace, upon a complaint against the defendants and others, for a forcible entry and detainer of the premises described in the first indictment, which warrant was in the hands of the deputy sheriff Potter for service, at the time of the alleged assault. This evidence was objected to by the

* It was understood, that, by the consent of the attorney for the commonwealth, the defendant should be entitled to a trial on the merits, if the demurrer should be overruled.

defendant, on the ground that the warrant set forth no of-
fence, and, therefore, that the officer was not required or
authorized to serve it; but the evidence was admitted by the
court, and there being also other evidence in the case, the
jury were instructed, that if they should be satisfied, that the
defendants committed an assault and battery upon Potter,
while he was in the act of executing the warrant, according
to the precept thereof, as an officer, and the defendants knew
it, but nevertheless hindered and obstructed him, the defend-
ants would be guilty of the offence charged.

The jury returned a verdict of guilty, and the defendants
thereupon alleged exceptions.

The cases were argued together.

*D. W. Alvord,* for Shattuck.

*W. Griswold,* for Bond and another.

*Clifford,* attorney general, for the commonwealth.,

DEWEY, J.    The demurrer to this indictment raises the
question as to the sufficiency of the allegations it contains
to constitute a charge of an indictable offence.    The indict
ment concluding, as it does, with the averment *contra formam
statuti,* may be sustained under our decisions as well as un
der our statute law, if the facts charged constitute an offence
either by statute or at the common law.    *Commonwealth* v.
*Hoxey,* 16 Mass. 385 ; Rev. Sts. *c.* 137, § 14.    It is proposed,
in the first place and more at large, to consider the point
whether an indictment will lie at common law for a forcible
entry.

The objection taken to such an indictment is, that the
offence charged is a private injury, and one more properly
cognizable under the head of civil trespass or private wrong,
and not a matter of public concern, or affecting public rights.
If it were a mere trespass, the objection must avail as it did
in *Rex* v. *Storr,* 3 Burr. 1698.    A merely unlawful entry upon
the land of another, with technical force and arms, but ac-
companied with no acts beyond a simple trespass, is not an
indictable offence.    It is also undoubtedly true, that the Eng-
lish statutes having provided another mode of redress, more
effectual as to the speedy restitution of the land to the party

from whom the same has been forcibly taken, than the proceedings by indictment would be, the former has been the mode of proceeding more usually resorted to in such cases; and the same is true as to the remedies in use, and the usual mode of redress provided in many of the states in this union.

But we apprehend that both before and since the enacting of the various statute provisions in England, the remedies for a forcible entry unlawfully made have been twofold, one by indictment at common law, and the other by proceedings under the statutes. In *Rex* v. *Bathurst,* Sayer, 225, it was held, that an indictment lies at common law for a forcible entry into a dwelling-house and expelling the occupants. In *Rex* v. *Bake,* 3 Burr. 1731, Mr. Justice Wilmot says, " Undoubtedly an indictment will lie at common law, for a forcible entry, though the proceedings are generally under the acts of parliament." In *Rex* v. *Wilson,* 8 T. R. 357, 362, lord Kenyon says, " There is no doubt that the offence of forcible entry is indictable at the common law, though the statute gives other remedies to the parties aggrieved." 3 Chit. Crim. Law, 1131; Rosc. Cr. Ev. 374, are also authorities to the same effect.

In this commonwealth, it seems to be assumed, that such an indictment would lie at the common law, in the opinion delivered by Mr. Justice Wilde in the case of *Sampson* v. *Henry,* 13 Pick. 36. In the report of the commissioners for revising the statute laws, in 1835, in their note to the first section of the one hundred and fourth chapter, in which they proposed a new section, not copied from any former statutes, which was to this effect: " No person shall make entry into lands except in cases where his entry is allowed by law, and in such cases he shall not enter with force, but in a peaceable manner;" they say they are only introducing into the statutes a rule fully recognized as a part of our common law, and one plainly implied from the provisions of our existing statutes. *Harding's Case,* 1 Greenl. 22, is to the same point.

This must be so upon sound principles, as the preservation of the public peace requires that the offence should be punished criminally. Individuals are not to assert their claims to real estate, and especially to a dwelling-house, in the actual

possession of another, by force and violence, and with a strong hand. The peace of the commonwealth forbids it. This principle does not in any degree interfere with the making of a formal entry upon land, preparatory to the bringing of an action at law, and which may be necessary to give a legal seizin to the party, but which leaves those in possession undisturbed as to the actual occupation. Nor does it embrace the case of a mere trespass upon land, as to which the civil remedy is alone to be resorted to. To sustain an indictment for a forcible entry, the entry must be accompanied with circumstances tending to excite terror in the owner, and to prevent him from maintaining his right. There must at least be some apparent violence; or some unusual weapons; or the parties attended with an unusual number of people; some menaces, or other acts giving reasonable cause to fear, that the party making the forcible entry will do some bodily hurt to those in possession, if they do not give up the same. It is the existence of such facts and circumstances, connected with the entry, that removes it from the class of cases of civil injury, to be redressed in actions of trespass or other civil proceedings, and holds the party thus making an unlawful entry amenable to the public as for a public wrong.

Does the present indictment charge such an offence, as we have above described as that of a forcible entry? Charging the entry to have been unlawfully made with force and arms, and with a strong hand, is a sufficient allegation to constitute the offence a forcible entry. The words " with a strong hand" mean something more than a common trespass. By Lawrence, J., in *Rex* v. *Wilson,* 8 T. R. 362, these words are said to imply that the entry was accompanied with that terror and violence which constitute the offence. See Rastall's Entries, 354; *Bande's Case,* Cro. Jac. 41.

It seems to us, therefore, that this indictment does well charge the offence of a forcible entry, and that such forcible entry is an offence at common law. We have considered it solely in the aspect of a charge of forcible entry, which alone is sufficient to maintain the indictment, and renders it immaterial whether it might also be sustained as a charge of

forcible detainer. So also as an offence against our statutes, if the case required it, it might be proper to consider whether the provision of the Rev. Sts. *c.* 104, § 1, already referred to, and directly prohibiting the doing of the act complained of here, would not make such act a statute offence, punishable under the Rev. Sts. *c.* 139, § 1, as a case where an act was made criminal by a prohibitory statute, but no particular punishment annexed to the offence.

If a forcible entry is thus made a statute offence, then the present conclusion of the indictment, charging it as an offence against the form of the statute, is correct. If, however, it is only an offence at common law, then the allegation just referred to may be rejected as surplusage; and judgment may be rendered upon the indictment, as upon an indictment for an offence at common law. In either view of the case, the demurrer must be overruled.

*Demurrer overruled in the first case, and the exceptions overruled in the second.*