## STATE v. STRAW.

In indictments for conspiracy no overt acts need be set forth. The offense is complete on the consummation of the conspiracy, whether any overt acts have been committed or not.

Nor is it necessary to allege or prove that the complainant or any person has been injured in any way by the conspiracy.

It is not necessary to set forth the particular rights, property, goods or chattels, of which the respondents conspired to defraud the complainant.

In a common law indictment the words "contrary to the form of the statute," &c. may be rejected as surplusage, and a demurrer for that cause will be overruled.

Ordinarily, an indictment will not lie for a conspiracy to commit a mere civil trespass to real estate.

INDICTMENT for conspiracy, as follows :

"STATE OF NEW-HAMPSHIRE. Hillsborough ss. At the Supreme Judicial Court, held at Manchester, within and for the county of Hillsborough aforesaid, on the first Tuesday of January, in the year of our Lord one thousand eight hundred and sixty, the grand jurors for the state of New-Hampshire, upon their oath, present, that Ezekiel A. Straw, George F. Judkins, Cyrus Warner and George W. Parker, all of Manchester, in said county of Hillsborough, yeomen, on the twenty-eighth day of July, in the year of our Lord one thousand eight hundred and fifty-nine, at Manchester aforesaid, in the county of Hillsborough aforesaid, with force and arms, being then and there possessed of evil minds and dispositions, unlawfully and wickedly did conspire, combine, confederate and agree together unlawfully to put up and maintain flashboards upon a certain dam of the Amoskeag Manufacturing Company, situate and being across the Merrimack river, in said Manchester, with intent to defraud John Harvey, Edwin E. Goodale and Joseph Mitchell, and compel the said Harvey, Goodale and Mitchell to dispose of

and part with their rights and property, to the great damage of the said Harvey, Goodale and Mitchell, against the peace, and contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state.

AARON F. STEVENS, *Solicitor.*

This is a true bill—

SAMUEL S. MOULTON, *Foreman.*"

The defendants filed a general demurrer, and the questions thus arising were transferred.

*I. A. Eastman,* for the defendants.

*Stevens,* Solicitor, and *Rolfe,* for the state.

SARGENT, J. The questions arising in this case are upon a demurrer to the bill. Several grounds are stated by the defendants' counsel, upon which it is claimed that the indictment is insufficient, which objections we will notice in the same order in which they are stated.

1. The first objection is, that the indictment does not set forth in proper form any crime, because it sets forth no overt act. The gist of the offense by which the wrong is done—the putting up of the flash-boards—is not charged. It alleges a conspiracy together, but no act done to complete the conspiracy.

This objection is not well founded. In indictments for conspiracy no overt acts need ever be set forth. Though it may be common to set forth such acts as having been done in pursuance of the conspiracy, and in order to effect the common purpose of it, yet this is not necessary. The offense is complete on the consummation of the conspiracy, and the overt acts, though they may be set forth in the bill, may be either regarded as matters of aggravation, or discharged as surplusage. Whart. Am. Cr. Law 498. The conspiracy itself is the offense, and

provided the indictment shows either that it was for an unlawful purpose, or to effect a lawful purpose by unlawful means, this will be sufficient, and whether any thing has been done in pursuance of it or not, is immaterial. Broom's Leg. Max. 147; *Rex* v. *Seward,* 1 A. & E. 713; *Regina* v. *Best,* 2 Ld. Ray. 1167; Arch. Cr. Pl. 635; *Rex* v. *Gill,* 2 B. & Ald. 205; 1 Salk. 174; *State* v. *Burnham,* 15 N. H. 396.

2. Next it is objected that there is no allegation in the indictment that the complainants have been compelled to dispose of their property, and consequently that no injury of the kind complained of has been sustained.

This objection is also without foundation. This is not a civil action against the respondents, for conspiring together and injuring the complainants, in which damages for the injury are sought to be recovered. The criminal offense of conspiracy may be committed not only without any overt acts, but also without any damage or injury to those conspired against. A conspiracy to commit a crime, and the commission of that crime, are two separate and distinct offenses. To be sure, in certain cases, when a respondent is guilty both of conspiring with others to commit a crime, and also of committing the crime itself, the former offense is merged in the latter. But no question of that kind arises here. The offense complained of here is not that the complainants were damaged, nor is it the doing of any act by the conspirators, but it is the unlawfully conspiring together.

3. Nor is there more weight in the third objection, that the particular rights and property of which said Harvey and others were to be defrauded by this conspiracy, are not described and set forth in the bill. It is not alleged, and need not be, that said Harvey and others have been deprived of any right, or have been injured in or defrauded of any right or property. How, then, can it be necessary that the property or right should be particularly described,

when it is immaterial whether this right or property has been in any way affected? The most that is required is that the indictment should allege a conspiracy to do an unlawful act, or to do a lawful act by the use of unlawful means, and stating the means thus conspired to be used to accomplish such lawful object; but when this is done it is not held necessary to set forth the particular rights, property, goods or chattels of which the respondents conspired to defraud the complainant. Whart. Am. Cr. Law 496, 497, and cases cited.

4. The fourth objection is that the bill concludes " contrary to the form of the statute," when there is no statute upon that subject in this state. But this objection is not available even upon demurrer. In a common law indictment the words " *contra formam statuti*" may be rejected as surplusage. *State* v. *Buckman*, 8 N. H. 203; *Commonwealth* v. *Hoxie*, 16 Mass. 385; 1 Chit. Cr. Law 295; Whart. Am. Cr. Law 105.

5. It is next objected that the charge here is in substance and effect a conspiracy to commit a civil trespass, and that an indictment will not lie for such an act, or for such a conspiring.

The allegation is that the respondents conspired, confederated, &c., unlawfully to put up and maintain flashboards upon a certain dam of the Amoskeag Manufacturing Company, situate, &c., with intent to defraud Harvey and others, and compel them to dispose of and part with their rights and property, to the great damage of the said Harvey and others, &c. Now there are several authorities that hold that an indictment will not lie for conspiring to commit a civil trespass upon property. *Rex* v. *Turner*, 13 East 228; 3 Chit. Cr. Law 1139; 2 Russell on Crimes 687; Arch. Cr. Pl. 634; Roscoe's Cr. Ev. 371.

These authorities must, however, be received with allowance, for many acts which at common law would

State *v.* Straw.

amount to merely a civil trespass to real estate, are, by special statutes in England, and in most or all of the United States, made crimes or misdemeanors, and a conspiracy to commit such acts would of course be indictable.

In the case before us the indictment does not charge a conspiracy to commit a trespass in terms, but it is evident that the flash-boards which the defendants are charged with conspiring to keep up and maintain, could not have affected Harvey and others' rights and property in any other way than by throwing back the water of said river so as to affect their real estate, or some rights connected therewith. The injury would be similar to that caused by a trespass, though not so direct; and if an indictment would not lie for a conspiracy to commit a civil trespass upon real estate, it could not, it would seem, in this case. It could not make the offense greater to do an injury to a man's farm indirectly, than it would to do the same directly, so as to make it technically a trespass.

This is not a conspiracy to cheat and defraud Harvey and others of their rights and property. It is only alleged that such was the intent, but it is not charged as any part of the conspiracy. All the conspiracy charged is to keep up and maintain flash-boards, not on Harvey's land, which would have been a direct trespass, but on the dam of the Amoskeag Manufacturing Company, which might cause a similar injury indirectly.

Where the object of the conspiracy is to commit a mere civil trespass on real estate, it is not criminal, because such an act by one person is not criminal, and many united have in this case no more power for harm, and do no more harm, than if each proceeded with his part of the mischief alone. 2 Bishop's Cr. Law, secs. 158–160.

Upon the last ground stated, therefore, the

*Demurrer is sustained.*