STATE *vs.* CHARLES A. JACKSON.

Knox. Opinion December 22, 1881.

*Bribery at a municipal election. Indictment.*

Bribery at a municipal election, is a misdemeanor punishable by the common law of this State.

An attempt to bribe or corruptly influence the elector, although not accomplished, will subject the offender to an indictment.

Wilfully and unlawfully attempting to influence an elector to give in his ballot at such election, by offering or paying him money therefor, is a crime at common law in this State.

ON EXCEPTIONS to the ruling of the court in overruling a demurrer to the indictment.

(Indictment.)

"State of Maine. Knox ss. At the Supreme Judicial Court, begun and holden at Rockland, within and for the county of Knox, on the second Tuesday of March, in the year of our Lord, one thousand eight hundred and eighty-one.

"The jurors for said State, upon their oath present, that a meeting of the inhabitants qualified to vote, of ward one, in Rockland, in the county of Knox, for the election of one alderman, and three common councilmen, on the eighth day of March, in the year of our Lord, one thousand eight hundred and eighty-one, at said Rockland, was then and there duly holden.

"And the jurors aforesaid, upon their oath aforesaid, do further present, that one Augustus Montgomery, was then and there a qualified voter in this State, to wit, in ward one, in said Rockland, in the county aforesaid.

"And the jurors aforesaid, upon their oath aforesaid, do further present, that Charles A. Jackson, of Rockland, in said county of Knox, did then and there at the said election, unlawfully, and wilfully attempt to influence the said Augustus Montgomery, so being a qualified voter in this State as aforesaid, to give his, the said Augustus Montgomery's ballot, in said election then and there duly holden, by then and there offering and paying him, the said Augustus Montgomery, the sum of two dollars in lawful money, against the peace of said State.

"A true bill.           Robert Long, Foreman, *pro tem.*"

"J. O. Robinson, county attorney."

*A. P. Gould*, for the defendant.

1. The offence set out in the indictment, is not within the statute, R. S., c. 4, § 67. The statute declares in what bribery at elections shall consist; and at the election of what officers it may be committed. It does not embrace municipal elections.

2. Having undertaken, thus specifically, to provide at what elections, improperly influencing voters, shall constitute the crime of bribery, the statute, by necessary implication, excluded all others. We need not consider, therefore, whether the acts charged, would constitute bribery at common law.

3. The indictment is defective.

(1.) Because it is not alleged that a legal meeting of ward one, in Rockland, was held for the purpose alleged.

(2.) It is not alleged for what town or city "one alderman and three councilmen" were to be elected at that meeting.

(3.) It is not alleged that Augustus Montgomery was a legal voter in the same "ward one," in said Rockland, in which the meeting is alleged to have been held. There may have been more than one ward, by that designation in that city, as there may be more than one town of the same name in a State or county.

4. No crime, under any law, is alleged in the indictment. It is alleged that Augustus Montgomery was a "legal voter" at that election. It is alleged that defendant "wilfully attempted" to influence Montgomery, "to give his, the said Augustus Montgomery's ballot, in said election." It was not a crime, nor was it any wrong act for Montgomery to give his ballot in said election, but was a perfectly lawful and laudable act. It is not a crime to wilfully, (which means intentionally,) induce one to do a perfectly lawful and laudable act, even by giving him money. The charge is not that defendant attempted to influence Montgomery, "in giving his vote ;" which would be an offence, and is the offence under the statute, but that he sought to influence him "to give" his vote.

5. To improperly influence a voter in a municipal election, of town or city officers, has not been regarded as an indictable offence in this country. No such case has been found in the reports. It is for the State to make it appear that such is the common law in this State.

"*Non apparentibus, &c.*" We submit that if such is the common law of England, it has never been adopted in this country ; and that to show whether it has been, we must look into the reports of cases, and not into the text books which cite English cases only for support.

*Henry B. Cleaves,* attorney general, and *J. O. Robinson,* county attorney, for the State, cited : *Rex* v. *Pitt,* 3 Burr. 1328 ; S. C. 1 Blac. R. 380 ; 3 Inst. 147 ; *Rex* v. *Vaughan,* 4 Burr. 2500 ; 1 Bishop Crim. Law, 355 ; 2 Archibold's Crim. Pr. & Pl. 904 ; Wharton Pr. 74 ; 2 East. 5 ; *Walsh* v. *People,* 65 Ill. 58 ; *State* v. *Ellis,* 33 N. J. Law Reports, 102 ; *State* v. *Barefield,* 14 Ala. 603 ; *Com.* v. *Shaver,* 3 Watts & S. 338 ; *U. S.* v. *Worrell,* 2 Dallas, 284 ; *State* v. *Ames,* 64 Maine, 386 ; *State* v. *Danforth,* 3 Conn. 114 ; *State* v. *Wilson,* 2 Root, 62 ; *State* v. *Doud,* 7 Conn. 384.

LIBBEY, J. This is an indictment against the defendant for unlawfully and wilfully attempting to influence a qualified voter to give in his ballot at a municipal election, in the city of Rockland, by offering and paying him money therefor.

The offence charged is not within R. S., c. 4, § 67.

Is bribery at a municipal election a misdemeanor at common law in this State? It is claimed by the learned counsel for the defendant, that it is not recognized as such in this country. We think it is. It was an offence at common law in England. 1 Russell on Crimes, 154; *Plympton's Case*, 2 Ld. Raym. 1377; *Rex* v. *Pitt*, 3 Burr. 1335.

The common law of England upon the subject of bribery, fraud and corruption at elections, is generally adopted as the common law in this country. *Comm.* v. *Silsbee*, 9 Mass. 417; *Comm.* v. *Hoxey*, 16 Mass. 385; 1 Bish. Crim. Law, 355; *Walsh* v. *The People*, 65 Ill. 58; *State* v. *Purdy*, 36 Wis. 224; *State* v. *Collier*, 72 Mo. 13; *People* v. *Thornton*, N. Y.; S. C. Third Department; Albany L. J. Dec. 3, 1881, p. 441; *Com. of Penn.* v. *McHale*, S. C. Penn.; Albany L. J. Nov. 19, 1881, p. 412.

Bishop in his work on criminal law, vol. 1, § 922, says: "We see it to be of the highest importance that persons be elected to carry on the government in its various departments, and that in every case a suitable choice be made. Therefore any act tending to defeat these objects, as forcibly or unlawfully preventing an election being held, bribing or corruptly influencing an elector, casting more than one vote, is punishable under the criminal common law."

PAXON, J., in the opinion of the court in *Comm.* v. *McHale*, *supra*, says: "We are of opinion that all such crimes as especially affect public society, are indictable at common law. The test is not whether precedents can be found in the books, but whether they affect the public policy or economy. It needs no argument to show that the acts charged in these indictments are of this character. They are not only offences which affect public society, but they affect it in the gravest manner. An offence against the freedom and purity of the election, is a crime against the nation. It strikes at the foundation of republican institutions. Its tendency is to prevent the expression of the will of the people in the choice of rulers, and to weaken the public confidence in elections. When this confidence is once destroyed, the end of

popular government is not distant. Surely if a woman's tongue can so far affect the good of society as to demand her punishment as a common scold, the offense which involves the right of a free people, to choose their own rulers in the manner pointed out by law, is not beneath the dignity of the common law, nor beyond its power to punish. The one is an annoyance to a small portion of the body politic, the other shakes the social fabric to its foundations."

We have no doubt that bribery at a municipal election is a misdemeanor punishable by the common law of this State.

An attempt to bribe or corruptly influence the elector, although not accomplished, will submit the offender to an indictment. *State* v. *Ames,* 64 Maine, 386.

But admitting that attempting to bribe an elector at a municipal election is an offence at common law, it is claimed by the counsel for the defendant that the indictment in this case does not properly charge such offence.

1. It is claimed that willfully and unlawfully attempting to influence an elector to give in his ballot, by offering or paying him money therefor, is not criminal. We think it is. What the law deems criminal and seeks to prevent is the corrupting of the elective franchise. Every elector not only has the right to vote or not to vote according to his own judgment of duty, but he has an interest that every other elector shall exercise the franchise in the same manner, without being influenced by the corrupt payment of money, or other unlawful means. If the elector determines that under all the circumstances it is not his duty to vote, but is induced to cast his ballot in the election by the corrupt payment of money, the ballot does not represent the free and unbiased act of the elector, but it represents the money paid for it; and when counted neutralizes the ballot of the honest voter. When such corrupt influences are used, the result of the election does not depend upon the honest, uncorrupted judgment of the electors, but upon the amount of money paid to corrupt them. It is an offence against the people, and has been so regarded in England as well as in this country.

*Plympton's Case, supra,* was an information at common law, for offering an elector money to induce him to cast his vote for mayor.

The statute of 2 Geo. 2, c. 24, § 7, declares it an offence for any elector to "ask, receive, or take money or other reward, by way of gift, loan, or other device . . . to give his vote," "or to refuse or forbear to give his vote in any such election," and any person who by such means, shall corrupt or procure any elector to give his vote, or to forbear to give his vote in any such election, shall be equally guilty with the elector.

It was held that this statute was merely an affirmance of the common law, and did not take away the common law crime. *Rex* v. *Pitt,* 3 Burr. 1335.

The statute of 5 & 6, Wm. 4, c. 76, § 54, in regard to the election of mayor, or of a councilor, auditor or assessor of any borough, uses terms similar to the statute of 2 Geo. 2.

The form of an indictment under the statute of Massachusetts, given by Train and Heard (Precedents of Indictments, 185,) is the same upon the point under consideration, as the indictment in this case.

2. It is further objected that it is not alleged in the indictment that a legal meeting of ward one in Rockland was held; nor for what city one alderman and three councilmen were to be elected; nor that Augustus Montgomery was a legal voter in the same ward one in which the meeting was held. But on a careful examination of the indictment, we think the allegations sufficient on each of these points. *State* v. *Bailey,* 21 Maine, 62; *State* v. *Boyington,* 56 Maine, 512.

*Exceptions overruled.*
*Judgment for the State.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.